ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 21 2007

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID CUMMINGS, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE |
| | : NO. _____ |
| J. C. CHRISTENSEN & ASSOCIATES, INC., a Minnesota corporation, | : 1:07-CV-3193 TCB |
| Defendant. | : |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. section 1692k(d) and 28 U.S.C. section 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant, J. C. CHRISTENSEN & ASSOCIATES, INC., is a corporation formed under the laws of the state of Minnesota. [Hereinafter, said Defendant is referred to as "CHRISTENSEN."]

5. CHRISTENSEN is subject to the jurisdiction and venue of this Court.

6. CHRISTENSEN may be served by personal service upon an authorized officer or agent at its principle place of business to wit: 215 North Benton Drive, Sauk Rapids, Minnesota 56379.

7. Alternatively, CHRISTENSEN may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the states of Georgia or Minnesota.

## FACTS COMMON TO ALL CAUSES

8. CHRISTENSEN uses the mails in its business.

9. CHRISTENSEN uses telephone communications in its business.

10. The principle purpose of CHRISTENSEN's business is the collection of debts.

11. CHRISTENSEN regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

12. CHRISTENSEN is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

13. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, CHRISTENSEN communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

14. In or around December, 2007, CHRISTENSEN left a series of recorded voice messages for Plaintiff requesting a return call.

15. In the December, 2007 phone messages, the caller did not state that the communication was from a debt collector.

16. In the December, 2007 phone messages, the caller did not state that the communication was an attempt to collect a debt.

17. Plaintiff has not received any written correspondence from CHRISTENSEN.

18. CHRISTENSEN did not send a written validation notice within five days of the initial communication with Plaintiff.

19. Defendant's communications violate the Fair Debt Collection Practices Act.

20. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

21. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

22. Defendant's violations of the FDCPA include, but are not limited to, the following:

23. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. section 1692e; and

24. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

25.     Failure to communicate the statement of consumer's rights mandated by 15 U.S.C. section 1692g.

26.     As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a)     That Plaintiff be awarded statutory damages;

b)     That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c)     That the Court declare each and every defense raised by Defendant to be insufficient; and

d)     That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

THE LAW OFFICES OF JAMES M. FEAGLE, P.C.

by: _____
James M. Feagle
Attorney for Plaintiff
Georgia Bar No. 256916

108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
jimfeagle@aol.com